Good morning. My name is Reynold Finnegan on behalf of Petitioner Luis Maria Segura, who is president in court today with his wife. I would like to reserve two minutes of my time for rebuttal. Your Honor, I believe the main argument is understood by the court. I just wanted to point out some facts. For instance, on page 274 of the record, it does show that the L.A. Immigration Court included the temporary file included with the record of proceedings, which presumably is the supplemental package, which contains the documents in support of his motion to reopen. However, these documents were not originally considered by the judge. It was initially considered by the BIA. So why were they not initially considered by the IJ? Okay, because the previous counsel for Petitioner had submitted a request for 30 days. She was dealing with some medical records, and the immigration judge did not grant the 30 days, issued a decision in about 15 to 20 days, denying the MTR but not considering the documents which were submitted. So what precisely is the mistake that the BIA made? BIA should have remanded the proceedings. Why? Pursuant to a matter of Kelly, which says if the record is incomplete, a remand is the proper remedy, not what I'm calling a scoop request, where they send a letter requesting that the file and the temporary file be— and that was forwarded to the BIA. And so your client could have submitted whatever he wanted at that point. How was that incomplete? They were gathering medical records. It's 150-some pages of medical records in addition to a respondent's declaration. He was currently detained at that time. So that's why it took counsel a little bit longer to get the documents ready. Plus, she was dealing with a medical record. But before the BIA, what was incomplete? Did you ask for more time to submit more documents? What happened was, if you look at the—the BIA did not have the file. So they issued an order requesting the Los Angeles court. That's a certified administrative record, page 275-277, issued an order requesting the file, saying we can't decide the appeal because we don't have the file. So then the file was sent to the BIA, correct? I guess the problem was there's actually two files. There's the regular file and a temporary file, which contained the supplemental documents. So the BIA had before it the record that was before the IJ, plus the additional supplemental material that you gave them. Correct. So they could have sent it back to the IJ. Correct. And under their own regulations and recognized in their decisions and our decisions, they couldn't enter their own fact-finding. Correct. But under our decisions, they can assume all the facts in favor of your client and then decide the thing as a matter of law. That's the kind of thing that we do, that a district judge would do on a motion to dismiss or a motion for summary judgment, is give all the inference in favor of the non-moving party and then decide the matter on the law. So where is the error in what the BIA did? Because it looked to me like they assumed all the facts in favor of your client. They considered everything. They said they considered everything and then assumed the facts in favor of your client and said this isn't going to be enough. So where's the error? That is the nub of this. The standards under Guerra-Maney v. Gonzalez, and the BIA can, as Judge Bybee says, take all the facts in the light most favorable to the petitioner and then rule. So I guess the nub of this is did the BIA take all the facts in the light most favorable to the petitioner? I would argue they didn't, Your Honor. If you look at the BIA decision, the footnote, number one, which is the record page five, page three of the BIA decision, the footnote says, for example, the medical documentation submitted by Respondent on Appeal does not reflect any hospital visits or doctor visits during 2013, but he nevertheless seeks to reopen. Is that untrue, that there were hospital visits in the record? No, no, it's true. But it just shows a negative slant, I guess is my point. But if they're saying, look, you're seeking an equitable tolling here, you're asking for additional time and to be excused for not showing up, and during this entire year when you claim that you had medical issues, there is no medical record that would show that you were unable to seek counsel and provide additional information. If this is correct factually, then where's the legal error? If we remand this, you're not going to get a better finding of fact from the IJ. So where's the legal mistake here? The argument is that they went on a fact-finding mission, Your Honor. But if they've stated the facts correctly, there's no factual mistake here. Then where's the legal error? Well, I guess if they said we're considering everything favorable for your client, it looks like they're analyzing the evidence. It doesn't look like they're doing that. Well, but of course they can do that. It's like a motion for summary judgment. And on the previous page, on page 2 of their decision, which would be the record page 4, the last paragraph, they said, we will assume for purposes of this appeal that the Respondent has adequately explained and justified the timing of these submissions. And it says the general affidavit and medical records are insufficient to establish that he exercised due diligence. That looks like a judgment of law. It doesn't look like they've dismissed anything. That was also because counsel had submitted the documents late because she was dealing with a medical issue, the prior counsel. So that's why they were saying we accept the documents, I think, was what the court's point was. So what I'm grasping for, and my law clerks have come up with inconsistencies, but what is your argument as to why this decision didn't? Well, I guess the judge should have considered. But did it consider your client's declaration? Did it consider other affidavits? The board did, but the judge never did. Yeah, he did. So the board considered them? Yeah. And did they take them in the light most favorable to your client? That's debatable, Your Honor. I'm saying no, that they not necessarily did. Well, how? In what specific way? Because it looks like they're analyzing it. Okay. Can you point to a specific fact that the BIA, that you're saying that the BIA erred in its fact-finding? One specific example? It kind of says, Accordingly, we agree with the immigration judge's conclusion that a Respondent's motion to reopen is not timely and shouldn't be equitably told. So it looks like they're analyzing the evidence. Well, that's a legal conclusion. The procedure is the judge, the court should analyze the evidence. How is that different from a motion for summary judgment or a motion to dismiss a complaint because it fails to state a claim? Because it was on appeal. It wasn't on a motion. Like if prior counsel had submitted a motion to reopen to the board, then they should be considering the evidence. But this is strictly on appeal. So if we sent this back to the IJ and the IJ were to reopen, what's the underlying claim? The underlying claim would be an asylum claim, Your Honor, and we're about to start a marriage case, but that wasn't previously before the immigration courts. It would be asylum based on what? Based on he can't go back to El Salvador. Because? Because he's under threat. All right. Well, you have some time left, so why don't you hear from the government counsel and then. Thank you. Please, court. My name is Matt Crapo. I'm here on behalf of the government. In this case, Your Honors, the record demonstrates the agency gave full and fair consideration of all the circumstances that he's ever put forth to excuse his failure to seek reopening within the 180 days. Is it sufficient, counsel, for the BIA to recite that it has considered all the evidence without discussing any of it? I think it is sufficient for the board to say that they've considered everything, but even here they discussed a lot of the evidence, so it's clear that they considered it. Maybe I misunderstood the question. So our Garamendi case, and I'm sure I'm mispronouncing it, is written by Judge Tallman, says, our case law establishes, however, that the BIA was under an affirmative obligation to, quote, accept as true the facts stated in Garamendi's affidavit in ruling upon his motion to reopen unless it finds those facts to be inherently unbelievable. And in the affidavit, he says that he returned to the immigration court, and the clerk told me that my case was closed and I needed to find an attorney in order to reopen the proceedings. And at that moment, my diabetes was so bad that I had lost my job. I was unemployed, homeless, and with severe health problems, as an explanation for why he couldn't get an attorney. Did the BIA take that as true and incorporate that affidavit into his analysis of the diligence prong, which is the only prong on which he ruled? Yes, I believe the board did so. In fact, they noted that he learned of his in absentia order the day after it was entered, so they definitely had considered his declaration. Right, but he had to go find an attorney, and you could understand if someone was really sick and homeless and out of work how difficult that would be to find an attorney. But he's never articulated what prevented him from doing so during the two and a half years, at least, that he had to file that motion to reopen. The only explanation that he gave was his hospital visits, which the board clearly and explicitly considered and accepted as true. So they didn't engage in any fact-finding, but they considered the full circumstances and determined that equitable tolling wasn't warranted under the circumstances. He claims that he missed his hearing due to being sick and bad, and although he failed to present any evidence with his motion reopened, he merely requested more time to submit evidence with the immigration judge in a footnote on page 311 of the record and in page 319 of the declaration of the attorney. Well, at this stage, we have to take that as true, right? Because that's in his affidavit, and that's what the BIA was required to do. And I think that's why the board actually considered the evidence in this case, is they assumed for the purpose of appeal that we will excuse the untimeliness of the submission of this evidence. And even accepting all of the evidence as true, we find that it doesn't – or, you know, the board concluded that it didn't reach the level of diligence or show that equitable tolling was warranted in this case. I don't see that where the BIA said that, that it assumed – they do say we will assume for purposes of this appeal that the respondent has adequately explained and justified the timing of the submissions, but they don't say we will assume for purposes of this appeal that all the facts that he has in his affidavit are true. The board didn't explicitly state that, but they obviously did so. Aren't they required to do that under their remaining case? They are required to do that. Under this court's case law, anything submitted in support of a motion to reopen has to be considered as true absent some, you know, obvious reason not to. And the board accepted the fact that he had been to the hospital three or four times in – I think it was three times in the emergency room. It shows that he had medical documents in the relevant timeframe in January of 2012, March of 2012, and April of 2012. But there's nothing to substantiate that he had medical issues that prevented him from filing anything after April – late April 2012 through October 13th. If the BIA, though, had remanded this to the IJ, the IJ might have elicited further testimony and had an evidentiary hearing, which would be within its realm to do, and might have found out more specific detail. I mean, we don't really know. Well, I think that's very speculative, and the board was – acted well within its discretion to decline to remand because in order to remand a case, the board requires a petitioner to show that they've made a prima facie case of diligence, and he hadn't done that in this case. Even if you view it through the lens of a motion to remand, which the board can consider evidence submitted on appeal as a motion to remand, he simply didn't make out a prima facie case for diligence. The medical records also indicate that they cleared him to return to work and said no restrictions on working, so apparently he was back at work during this period. Apparently. That's true. The fact-finding question is simply a diversion because the immigration judge didn't make any findings of fact in this case. I mean, the board just assumed everything is true and said even if we accept everything that you claim, all the evidence that you presented, even if we assume it is true, you still can't meet the burden of showing that equitable tolling is warranted in this case. And so whether or not the court, I mean, I think the agency gave him every benefit of the doubt by even considering the evidence on appeal that he simply can't make that showing for equitable tolling and the board acted well within its discretion to consider it because it could, although the board generally doesn't consider evidence submitted on appeal, it will treat evidence submitted on appeal as a motion to remand in its discretion. And even under that lens, he still didn't make a prima facie case for diligence or equitable tolling and the board ruled on that basis. So unless the court has any other questions, for the reasons put forth in our brief, I think the court should deny the position for review. Thank you, counsel. We have some time for rebuttal. So he was denied consideration in front of the immigration judge, which I view as a legal problem. Maybe the immigration judge would have granted sua sponte reopening. We don't know. It may be speculative, but it is a person's right to have their motions considered in accordance with the law and the judges to make their decisions as they see fit. His declaration stated, in addition to his health problems, that he was homeless. That could have been a consideration in addition to the medical records. But he was working during the time that he, for the medical records he did supply, he apparently was working during that period. Yes, Your Honor. It's unclear how the board considered the evidence. And on that basis, we should have a remand. Maybe they did consider it in the best light for the alien, but maybe not. And that's why I think it should go back to the courts. Thank you, Your Honor.
judges: Wardlaw, Bybee, Ikuta